UNITED STATES, Appellee

v

JOSEPH BeLARGE, Jr., Private,
U. S. Marine Corps, Appellant

19 USCMA 91, 41 CMR 91

No. 22,123

November 28, 1969

*Captain John J. Ruprecht,* USMCR, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, and *Captain Charles E. Patterson,* USMCR, were on the pleadings for Appellee, United States.

Opinion of the Court

Ferguson, Judge:

The accused was convicted by special court-martial, convened at Camp Lejeune, North Carolina, of three specifications of being absent without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $73.00 per month for a like period. The convening authority approved the findings and sentence but suspended execution of the punitive discharge for the period of confinement and six months thereafter with provision for automatic remission.

Other appellate authorities affirmed without change. We granted review to determine the validity of the appellant's contention that the record of trial is not verbatim and hence a bad-conduct discharge cannot be approved.[1]

The basis for the appellant's contention that the record is not verbatim is the fact that during the presentencing procedure, and immediately after trial counsel had urged that the court sentence the accused

---

[1] One board of review member would have disapproved the bad-conduct discharge for this reason.

to a bad-conduct discharge, among other penalties, the president of the court announced:

"PRES: The court will be recessed for about five minutes while members discuss a point which the trial counsel brought up. (Both counsels [sic] approached the court)."

When the court reopened five minutes later, no further reference was made to the conference and the president, after determining that neither side desired to request any particular instruction relating to sentence, proceeded to instruct the court on the matter of sentencing.

According to appellate defense counsel, since an unrecorded side-bar conference was conducted, a bad-conduct discharge could not be adjudged under the provisions of Article 19 of the Code.

Government appellate counsel asserted that the record discloses no more than that a closed session of the court-martial took place, for which no verbatim record is required. But, counsel argued, even assuming that both counsel were present at the conference there is no evidence in the record and none offered outside the record that an unrecorded proceeding prejudicial to the accused occurred.

Article 19 of the Code provides in pertinent part that:

". . . A bad-conduct discharge may not be adjudged unless a *complete record* of the proceedings and testimony has been made. . . ." [Emphasis supplied.]

In United States v Whitman, 3 USCMA 179, 11 CMR 179, we analyzed this portion of Article 19 in connection with a claim similar to the one before us. There we noted that while the Code referred to a *complete* record, paragraph 83a, Manual for Courts-Martial, United States, 1951, contained a requirement that a *verbatim* transcript be made in cases in which a bad-conduct discharge is adjudged. Since the Manual set forth a more stringent rule and one inclining more

directly in favor of an accused, we held that the Manual rule must prevail. We went on to hold in *Whitman*, at page 181:

"That this error was prejudicial is perfectly clear. This is true for the reason that the accused has been sentenced—in addition to a period of confinement and to forfeitures—to receive a bad-conduct discharge. The punitive discharge, as we have seen, cannot stand *without the support of a verbatim record*. This portion of the sentence is, therefore, illegal."

Cf. United States v Nelson, 3 USCMA 482, 13 CMR 38.

A fair interpretation from the record in the instant case is that a five-minute conference involving the president, other court members, and trial and defense counsel was held to "discuss a point which the trial counsel brought up." The accused was not a party to the discussion. Since the conference was unrecorded and nothing further was said relative thereto, we are unaware of the nature of the question discussed and, hence, left completely in the dark about a matter which quite obviously formed a material part of the proceedings.

Under the circumstances we hold that the record is not verbatim and, hence, the bad-conduct discharge must be disapproved. United States v Whitman, supra.

The decision of the board of review as to the findings and so much of the sentence as does not include a bad-conduct discharge is affirmed.

Chief Judge QUINN concurs.

DARDEN, Judge (dissenting):

The requirement of paragraph 83a, Manual for Courts-Martial, United States, 1951, has been applied in a manner that permits brief unrecorded conferences between the law officer and counsel if these conferences are designated as "side-bar" or "bench" conferences. In United States v Ransom, 4 USCMA 195, 203, 15 CMR 195, this Court declared:

"A conference of this nature is entirely unlike an unrecorded conference between the law officer and the court, out of the presence of the accused. United States v Miller, 2 USCMA 272, 8 CMR 72. Neither does it in any way destroy the completeness of the record of the actual court proceedings against the accused. See: United States v Nelson, 3 USCMA 482, 13 CMR 38."

Apparently the difference here is that the conference occurred within the hearing of the members of the court. But counsel for the accused was present. I would trust him to object to or to call to the attention of appellate authorities anything that was said or done in such a conference constituting error that "materially prejudices the substantial rights of the accused," as the statutory standard required. Article 59(a), Uniform Code of Military Justice, 10 USC § 859.

But if the decision is to be reversed I would permit a rehearing. I am unwilling to decide that because of what I consider a technical error, a member of the armed forces with three unauthorized absences covering a period of one hundred sixty days may not be awarded a punitive discharge the court-martial and other appellate authorities thought he deserved.