UNITED STATES, Appellee

v

CAGE R. FREEMAN, Seaman, U. S. Navy, Appellant

19 USCMA 572, 42 CMR 174

No. 22,976

July 17, 1970

*Lieutenant George F. McGunnigle, Jr.,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

A special court-martial convened in Australia convicted the accused of a number of offenses in violation of the Uniform Code of Military Justice and imposed a sentence which included confinement at hard labor for six months and a bad-conduct discharge.

The United States Navy Court of Military Review determined that the transcript of the record of trial did not properly reflect the proceedings at certain side-bar conferences between the president and counsel, and, therefore, disapproved the bad-conduct discharge. See United States v Belarge,

19 USCMA 91, 41 CMR 91 (1969). At the same time, the court noted that other assignments of error were "more or less meritorious," but it concluded that disapproval of the discharge and reduction of the period of confinement from six months to four months made it unnecessary to consider the issues.

Among other things, it appears that before trial the staff judge advocate to the convening authority conducted an extensive inquiry among the officers of the command to obtain "impartial" members for the court-martial. About one-third of the officers had to be excluded because "they weren't impartial"; one was selected and appointed notwithstanding he had indicated that he was "partial." At trial, this officer testified he had information about the accused that would "prevent him from being fair and impartial in this case." He disclosed that his information concerned "an automobile accident." Several of the offenses for which the accused was on trial arose out of an automobile accident. Defense counsel moved several times for a mistrial on the ground that not only this officer but other court members were, as they admitted, aware of adverse circumstances affecting the accused that would not be admissible in evidence. The motions were denied. Defense counsel challenged for cause the officer who admitted his bias and the challenge was sustained. Counsel then renewed the motion for a mistrial but again it was denied. In our opinion it should have been granted.

The members of the court-martial were new to the command. They knew that the accused had been involved in an incident of the same kind that had led to several of the charges against him; they knew that other disciplinary action had been taken against him and the results had been published in the Plan of the Day; they knew that at least one-third of the officers of the command had been excluded from consideration for appointment to the court because they were not "impartial"; they knew that a challenge for cause against a member, who was eventually excused peremptorily, was not sustained, although the member had indicated that in event of conviction she "could ask for nothing less" than a punitive discharge. See United States v Cleveland, 15 USCMA 213, 35 CMR 185 (1965). The combination of these circumstances presents, in our opinion, too strong a risk that the court members would be influenced against the accused, despite instructions to determine the issues and the sentence without regard to the "facts opinions or circumstances revealed" during the *voir dire* of the court members. See United States v Kitchens, 12 USCMA 589, 31 CMR 175 (1961); United States v Olson, 11 USCMA 286, 29 CMR 102 (1960); cf. United States v Davis, 12 USCMA 576, 31 CMR 162 (1961).

The decision of the United States Navy Court of Military Review is reversed and the charges are ordered dismissed.