UNITED STATES, Appellee

v.

WENDELL P. GALLOWAY, Captain, U. S. Army, Appellant

2 USCMA 433, 9 CMR 63

No. 1463

Decided May 1, 1953

Harry L. Shure, Esq., Lt Col James C. Hamilton, U. S. Army, and 1st Lt Richard B. Dempsey, U. S. Army, for Appellant.

Lt Col Thayer Chapman, U. S. Army, and 1st Lt Robert A. Forman, U. S. Army, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

The accused was tried by general court-martial at Fort Monmouth, New Jersey, upon charges alleging larceny of a sum of money in violation of Article of War 93, 10 USC § 1565, three specifications alleging borrowing from enlisted men, and one specification alleging a false official statement, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. Aft-er his conviction upon all charges and specifications he was sentenced to dismissal and total forfeitures. We granted a petition for review filed by the accused, limiting our consideration to the following issue:

"Whether the law officer instructed the court as required by Article 51 (c), Uniform Code of Military Justice."

434

It is clearly apparent that the evidence respecting the offenses involved is not material to the issue before the Court. No resume of such evidence is reported. The original record of trial, prepared as required by ■■■■ ■ Article 54 of the Code, 50 USC § 629 indicated that the law officer instructed the court as to the elements of the offenses charged, adding a reference to paragraph 74a, Manual for Courts-Martial, United States, 1951, advising them that the weight of the evidence and the credibility of the witnesses were to be determined by them, and exhorting them to disregard any statement made by him which might seem to indicate his opinion of the guilt or innocence of the accused. No indication was contained in the record that the law officer instructed the court on the presumption of innocence, reasonable doubt as to guilt, reasonable doubt respecting the commission of a lesser included offense, or of the burden of proof, as required by Article 51(c) of the Code, 50 USC § 626. The omission was noted after authentication of the record, and the president of the court as well as the trial counsel executed a certificate of correction indicating that the required instructions were in fact given, but a statement to that effect was omitted from the record by error. To this certificate the defense counsel appended the following:

"I have examined the Certificate of Correction in the foregoing case. I do not consent or agree to the correction and I contest the accuracy of the certificate."

In support of his denial of the accuracy of the certificate, the defense counsel submitted an affidavit executed by the official court reporter declaring that, to the best of her knowledge and belief, her stenotype notes contained an accurate and complete record · of the court's proceedings, and no part of the instructions reported in the certificate of correction was contained in her notes. Affidavits of defense counsel and assistant defense counsel disclaiming all recollection of the instructions given, but asserting their confi-

dence in the completeness of the reporter's notes were also submitted. Three members of the court certified that the instructions contained in the certificate were in fact given. The trial counsel submitted an affidavit in which he asserted his recollection of the instructions, and supported this by a reminder sheet used by him as a guide during the trial of the instant case on which the notations respecting the necessary features of the instructions were noted at the time of trial. Finally, three of the five members of the court certified to the accuracy of the certificate of correction, while a fourth declared he had no recollection of the matter, and the fifth was not available.

Article 54(a) of the Code, supra, provides, in pertinent part:

"Each general court-martial shall keep a separate record of the proceedings of the trial of each case brought before it, and such record shall be authenticated by the signature of the president and the law officer. • • • • "

The trial counsel is charged by Article 38(a), 50 USC § 613, with the responsibility of preparing the record of trial, under the direction of the court, but the persons required to authenticate the record are responsible for its accuracy. Paragraph 82a, Manual for Courts-Martial, United States, 1951. The great weight of authority in the United **Headnote 2** States holds that the records and judgments of the trial court import absolute verity and may not, in the absence of a charge of fraud, be challenged. Edminston v. Hunter, 161 F2d 691, 692 (CA10th Cir); Thomas v. Hunter, 153 F2d 834, 838 (CA10th Cir); Smith v. Hiatt, 54 F Supp 481, 483; 31 C.J.S. Evidence § 145, page 792, et seq.

Appellate courts, generally, recognize the possibility of the inadvertent omission of material facts from records forwarded on appeal, and provision is made in procedural rules to meet such an eventuality. So, for example, Rule 75(h), Federal Rules of Civil Procedure, provides that:

". . . if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court. All other questions as to the content and form of the record shall be presented to the court of appeals."

Under the rules prevailing in Federal courts generally, one who contests the accuracy of a record must seek his remedy in the trial court by application for correction of the record. The determination of the trial court on the question is then conclusive, in the absence of a charge that it had deliberately and intentionally falsified the record. Belt v. Holton, 197 F2d 579, 581 (CA DC Cir).

Recognizing the possibility of inadvertent omission of material facts from records of trial by courts-martial, paragraph 86c, Manual for Courts-Martial, United States, 1951, provides:

"A record of trial may upon review be found to be incomplete or defective in some material respect, as, for example, when it fails to show that the members of the court were sworn, or that the required number of members concurred in the vote on the findings or sentence. The court may have performed its duty properly but through clerical error or inadvertence the events may have been improperly recorded. In such a case, the record must be corrected to make it show the true proceedings. It may be returned to the president of a general or special court-martial . . . for a certificate of correction

to relate the true facts. The certificate will be authenticated in the same manner as the record of trial. . . . . In general and special court-martial cases, the authenticated certificate will be attached to the record of trial after the original signatures authenticating the record. . . . . The accused will be furnished a copy of the certificate of correction, and his receipt will be obtained and attached to the record of trial. . . . A copy of the certificate will be attached to all other copies of the record which were prepared. . . . A certificate of correction may be used only to make the record correspond to that which actually occurred at the trial. If the court were not sworn, for example, the error cannot be cured by a certificate of correction."

Paragraph 95 of the Manual, supra, further provides that when such an omission is discovered in the record of trial by general court-martial, or by special court-martial, in which a sentence to bad-conduct discharge has been approved, after the record has been forwarded by the convening authority to higher authority, the record will be returned to the convening authority with directions for the correction of the record or revision proceedings.

These procedural provisions of the Manual are substantially similar to the procedural rules governing Federal courts generally. Neither the dictates of the Manual, supra, nor of reason, require the resolution of questions respecting occurrences transpiring at the trial to be governed by any rule other than that which guides appellate tribunals in the Federal jurisdictions. Consequently, we declare that the determination of a factual question relating to the contents of a certificate of correction is solely the responsibility of those individuals required to authenticate records of trial and certificates of correction, namely, the president of the court and the law officer. Upon review, this determination will be regarded as conclusive in the absence of a charge that it has been deliberately and intentionally falsified.

436

Far from raising a question of fraud committed by the president of the court and the law officer in preparing the certificate of correction, the contention of the defense does not allege that the instructions were not given. The sole contention is that the reporter's notes do not contain such instructions, and the affiants have confidence in the accuracy of the reporter. The answer to that contention is that the Uniform Code of Military Justice places the responsibility for the accuracy of the record of trial upon the authenticating officials, and presumes they have discharged their duties in a proper manner. 31 C.J.S. Evidence § 145, page 793; paragraph 138a, Manual for Courts-Martial, United States, 1951. Refusal by defense counsel to approve a certificate of correction does not destroy its validity, for he is not required to authenticate the certificate.

It follows, therefore, that the certificate of correction properly describes the proceedings of the trial court. It indicates that the instructions required by Article 51(c), Uniform Code of Military Justice, supra, were given. The question is answered in the affirmative.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.