UNITED STATES

v.

Joseph A. KOLLY, 277–50–2552,
Lieutenant Commander
(O–4), U.S. Navy.

NMCM 97 00768.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 7 Jan. 1997.

Decided 24 July 1998.

LT Syed N. Ahmad, JAGC, USNR, Appellate Defense Counsel.

LT Russell J.E. Verby, JAGC, USNR, Appellate Government Counsel.

Before OLIVER, Chief Judge, SEFTON and CLARK, Appellate Military Judges.

SEFTON, Senior Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's response. We conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Art. 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a) and 866(c)(1994) [hereinafter UCMJ].

---

1. I. AN UNSUSPENDED DISMISSAL IS AN INAPPROPRIATELY SEVERE SENTENCE UNDER THE CIRCUMSTANCES OF THIS CASE.
II. APPELLANT'S PLEA TO CHARGE II, SPECIFICATION 1 IS NOT PROVIDENT BECAUSE, AS A MATTER OF LAW, 18 U.S.C. § 2252 DOES NOT PUNISH CONDUCT OCCURRING OUTSIDE THE UNITED STATES.
III. CHARGE II, SPECIFICATION 5 (TRANSPORTATION OF VIDEOTAPES) IS MULTIPLICIOUS WITH CHARGE I, SPECIFICATION 2 (CONDUCT UNBECOMING AN OFFICER FOR PURCHASING SAME VIDEOTAPES).
IV. THE MILITARY JUDGE FAILED TO INQUIRE ON THE PROVISION IN THE PRE-TRIAL AGREEMENT CONCERNING THE ADMISSIBILITY OF ENTRIES CONTAINED IN APPELLANT'S SERVICE RECORD BOOK.
V. THIS COURT, BY REQUIRING ONLY ONE JUDGE OF THE PANEL TO READ THE RECORD OF TRIAL BEFORE THE PANEL ISSUES A DECISION, VIOLATES ITS OBLIGATIONS UNDER ARTICLE 66, UNIFORM CODE OF MILITARY JUSTICE.
VI. A SENTENCE THAT INCLUDES AN UNSUSPENDED DISMISSAL VIOLATES THE EXCESSIVE FINE CLAUSE OF THE EIGHTH AMENDMENT UNDER THE CIRCUMSTANCES OF THIS CASE.

Consistent with his pleas before a military judge sitting alone as a general court-martial, appellant was convicted of committing several child-pornography offenses. The convening authority approved the adjudged sentence of a $4000.00 fine and dismissal.

We specifically conclude that the approved sentence is not inappropriately severe. Assignment of Error I is therefore without merit. Assignments of Error III, V, and VI warrant no comment other than to note that they are without merit.

■ In Assignment of Error IV, appellant asks us to set aside the findings because the military judge, during the providence inquiry, neglected to examine a provision of the pretrial agreement in which the appellant agreed "to the admissibility of the entries contained within my Service Record Book." Appellant is correct in noting that the military judge failed to examine that provision of the pretrial agreement. This was error. Under the circumstances of this case, we conclude that the error was harmless and find no relief warranted.

■ The only service record entry admitted by the Government is Prosecution Exhibit 2, a record of nonjudicial punishment (NJP). There was no defense objection to that specific evidence. Appellant now claims that, by service regulation, the record of NJP was inadmissible because the NJP was "stale . . . over two years old." Contrary to his assertion, the NJP record is not stale. The provision cited by appellant allows introduction of NJP records if the offense was committed within 2 years of the date of any subsequent court-martial offense. Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7C of 3 Oct. 1990, § 0141. Appellant's NJP offense was committed within that 2–year period. Appellant's suggestion that the NJP offense must have been committed within 2 years of the date of trial is incorrect.

2. Appellant has raised no issue regarding this seizure.

3. *United States v. Thomas* concerned a conviction under 18 U.S.C. § 2251(a), which prohibits engaging a minor in sexually explicit conduct for

■ In Assignment of Error II, appellant contends that his unconditional guilty plea to Specification 1 under Charge II was improvident. Specifically, he contends for the first time that, as a matter of law, the United States criminal statute he allegedly violated in Japan, 18 U.S.C. § 2252(a)(2), does not apply extraterritorially, *i.e.* outside the territorial limits of the United States. The specification alleges that appellant violated that statute by "knowingly receiv[ing] [child pornography] that had been transported or shipped in interstate or foreign commerce or through the mail."

The providence inquiry, which incorporated a stipulation of fact (Prosecution Exhibit 1), indicates that while stationed in Hawaii, appellant ordered by mail what he knew to be child pornography. Appellant mailed his order to a child pornography supplier in Florida. That supplier obtained the pornography by mail from its supplier in Ecuador. The Florida supplier then filled the appellant's order and mailed him the requested child pornography at his Hawaiian address. Federal officials seized the child pornography in Hawaii,[2] determined that the appellant was an active-duty servicemember recently transferred to Japan, and forwarded the material to United States officials in Japan. The officials in Japan opened an investigation and placed the child pornography in appellant's on-base post office box. Surveillance was established, and appellant was apprehended after he accepted delivery of the pornography at the military post office and took the material to his personal residence.

The Government concedes that the statute in question is silent as to its extraterritorial application and that Federal criminal statutes are generally presumed not to apply extraterritorially. However, two persuasive Federal cases have found that a related statute, 18 U.S.C. § 2251, applies extraterritorially. *United States v. Harvey*, 2 F.3d 1318 (3d Cir.1993); *United States v. Thomas*, 893 F.2d 1066 (9th Cir.1990).[3] Sections 2251 and

the purpose of creating child pornography. *United States v. Harvey* concerned a conviction under 18 U.S.C. § 2252(a)(4)(B), which prohibits the knowing possession of child pornography that has been mailed or transported in interstate or foreign commerce. In *Harvey*, the Third Cir-

2252 of Title 18, United States Code, are part of the Protection of Children Against Sexual Exploitation Act, which is a "comprehensive statutory scheme to eradicate sexual exploitation of children." *Thomas*, 893 F.2d at 1068. "Congress passed the Act to 'greatly enhance' the 'weapons to combat child pornography and child prostitution.'" *Harvey*, 2 F.3d at 1327 (quoting S.REP. No. 95–438, at 10 (1978), *reprinted in* 1978 U.S.C.C.A.N. 40, 47).

The courts that decided *Harvey* and *Thomas* recognized many of the well-established principles behind extraterritorial application of statutes including the necessity of congressional intent and the inherent right of a sovereign to protect its Governmental functions and to regulate the conduct of its own citizens regardless of their location. *See United States v. Gladue*, 4 M.J. 1, 4–5 (C.M.A.1977), and *United States v. Mosley*, 14 M.J. 852, 854–56 and n. 4 (A.C.M.R.1982), and cases cited therein. Applying these principles, we find that Congress intended 18 U.S.C. § 2252(a)(2) to apply extraterritorially and that it had the authority to do so. Furthermore, to allow a U.S. citizen in the United States who ordered child pornography through the United States postal service to escape prosecution simply because he is overseas when he finally receives it would "greatly . . curtail the scope and usefulness of the [Protection of Children Against Sexual Exploitation Act]." *Harvey*, 2 F.3d at 1327 (quoting *United States v. Bowman*, 260 U.S. 94, 98, 43 S.Ct. 39, 67 L.Ed. 149 (1922)). *See also Thomas*, 893 F.2d at 1069 (concluding that "under section 2251(a) Congress intended to reach extraterritorial acts that otherwise satisfy the statutory elements.").

---

cuit evaluated the application of a sentencing guideline implementing § 2252 that cross-referenced a guideline implementing § 2251. Citing *Thomas*, the *Harvey* court held that when a U.S. citizen is convicted under § 2252 and also committed an offense under § 2251, the cross-reference applies regardless of where the defendant committed the § 2251 offense. *Harvey*, 2 F.3d at 1328, 1330. In other words, the Third Circuit in *Harvey* agreed with the Ninth Circuit in *Thomas* that § 2251 applies extraterritorially.

4. Among the few military cases that address the application of the Federal child pornography

We conclude that the Government rebutted the presumption against extraterritorial application of 18 U.S.C. § 2252(a)(2) and the application of that provision to the appellant's actions in Japan was proper. Although we have found no superior or Federal court decision directly on-point,[4] the cases and principles cited by us above are authority for this position. Assignment of Error IV is without merit.

Accordingly, we affirm the findings and sentence as approved on review below.

Chief Judge OLIVER and Senior Judge CLARK concur.

statutes is *United States v. Pullen*, 41 M.J. 886, 888 (A.F.Ct.Crim.App.), *review denied*, 43 M.J. 166 (1995). In that case, the Air Force Court of Criminal Appeals found that 18 U.S.C. § 2252(a)(4)(A) applies to military installations outside the United States. Section 2252(a)(4)(A) proscribes the knowing possession of child pornography "in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States."