### UNITED STATES

v.

**Kerry V. LYNN, 261–45–4505, Engineman Third Class (E–4), U.S. Navy.**

**NMCM 97 01482.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 8 March 1996.

Decided 23 Feb. 1999.

LT Syed Ahmad, JAGC, USNR, Appellate Defense Counsel.

Maj Charles H. Metcalfe, USMCR, Appellate Government Counsel.

Capt Michael D. Carsten, USMC, Appellate Government Counsel.

Before DORMAN, Senior Judge, and TROIDL and ROLPH, Appellate Military Judges.

DORMAN, Senior Judge:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of making a false official statement and rape, in violation of Articles 107 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 920 (1994). The approved sentence includes confinement for 3 years, reduction to pay grade E–1, and a dishonorable discharge.[1]

We have carefully reviewed the record of trial, the appellant's five assignments of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Art. 59(a), UCMJ.

### Sufficiency of Evidence

In his first and third assignments of error, the appellant argues that the evidence of record is factually and legally insufficient to support his conviction for rape or for making a false official statement. The test for legal sufficiency requires this court to review the evidence in the light most favorable to the Government. In doing so, if any rational trier of fact could have found the essential elements of the crime beyond a

---

1. The appellant was also charged with a second rape of the same victim. The members found the appellant not guilty of that rape, but guilty of the lesser-included offense of indecent assault. On review, the staff judge advocate concluded that the military judge erred when he denied a request by the members for portions of the victim's testimony concerning that offense. To correct the error, he recommended to the convening authority that the charge be dismissed. The convening authority followed the advice of his staff judge advocate. We commend such corrective action by the staff judge advocate and the convening authority taken during the initial review of the appellant's conviction.

reasonable doubt, the evidence is legally sufficient. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560; *United States v. Turner,* 25 M.J. 324, 325 (C.M.A. 1987). Without question, with regard to both offenses, that standard is met in this case.

■ The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is convinced of the accused's guilt beyond a reasonable doubt. *Turner,* 25 M.J. at 325. In resolving the question of factual sufficiency, we have carefully reviewed the record of trial, the briefs of counsel, and have given no deference to the factual determinations made at the trial level. Based on that review we are convinced beyond a reasonable doubt of the appellant's guilt of both the rape and the false official statement.

■ The appellant stands convicted of raping Ms. L, who was a civilian employee on the base and also a friend of the appellant. They had become acquainted in the summer of 1994 and engaged in consensual sexual relations once in August or September. Ms. L, however, was engaged at the time and told the appellant she just wanted to be friends. The friendship apparently was close. Ms. L twice went with the appellant to West Palm Beach, Florida. She asked him to drive with her to New Jersey prior to Thanksgiving, and she frequently spent the night in the appellant's barracks room at Naval Submarine Base, Kings Bay, Georgia. Ms. L testified that following a trip to West Palm Beach with the appellant in November 1994, she no longer spent the night in appellant's room. In December 1994, Ms. L's fiancé was in town on leave and Ms. L. was spending time with him at her sister's residence. The appellant arrived there one morning and while talking to her outside the residence, he yanked off the top of her pajamas, leaving her naked.[2] Following this incident, Ms. L sought advice from the Executive Officer of the Command where she worked. He advised her to seek a restraining order. She, however, sought to handle the matter privately between herself and the appellant and made arrangements to meet with him.

Ms. L testified that on the evening of 14 January 1995, she went to the appellant's barracks room to discuss the incident at her sister's and to ask the appellant to leave her and her fiancé alone. While there the appellant became upset when she mentioned her fiancé and he told her that he knew what she could do for him. The appellant exposed himself. Ms. L. told the appellant that she had not come there for that and she tried to leave. According to Ms. L, the appellant then threw her up against the sink. He then threw her on the bed and got on top of her. Ms. L tried to push him off. She begged him to stop, but he pulled down one of the legs of her jogging pants, pulled her panties aside, and had sex with her. When Ms. L was able to leave the room she immediately drove to the home of a female friend and reported the incident to her. She then went to the emergency room. While there, she met with an investigator from the Naval Criminal Investigative Service.

There is no question in the record before us as to whether the appellant had sexual intercourse with Ms. L on the evening of 14 January 1995. Indeed the appellant's own statement acknowledges that fact. Prosecution Exhibit 9. We also find the appellant's statement to be corroborative of Ms. L's testimony that she did not consent to the sexual intercourse. Her testimony is also corroborated by the testimony of Ms. Green, the friend to whose home she drove following the incident. Contrary to appellant's argument before this court, we find no reason for Ms. L to fabricate the allegation of rape. Such allegations would more likely have complicated her relationship with her fiancé rather than fostering it. Upon examination of the entire record, we find the victim's testimony credible and supported. The evidence convinces us beyond a reasonable doubt that the appellant raped Ms. L on 14 January 1995.

■ In his third assignment of error, the appellant summarily attacks the sufficiency of the evidence with respect to his conviction

---

2. Based on this incident, the appellant was charged with indecent assault. Although he was acquitted of that offense, he admitted pulling off her pajama top. Prosecution Exhibits 3 and 9.

for making a false official statement. The thrust of his argument is that the statement was not made in the line of duty. Appellant's only support for his position is MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), Part IV, ¶ 31c(1). That provision explains that all documents and statements made in the line of duty are official statements. It does not state, as the appellant suggests, that those are the only types of statements that qualify as official statements.

Our review of the evidence reveals that the appellant's own statements establish that his report to security personnel at Kings Bay, that Ms. L had stolen a purse from his quarters, was false. Prosecution Exhibits 1–4. Furthermore, those statements are corroborated by the unrebutted testimony of Ms. L that the purse in question was hers. Record at 189–191. The fact that the statement was not made in the line of duty is totally irrelevant under the facts of this case, because the statement was made to a security officer. Even where there is no duty to report an offense, lying to a law-enforcement agent conducting an investigation is a violation of Article 107, UCMJ. *United States v. Caballero*, 37 M.J. 422, 425 (C.M.A.1993)(citing *United States v. Jackson*, 26 M.J. 377, 379 (C.M.A.1988)).[3] The appellant's third assignment of error is totally without merit.

### Instructional Error

■ Appellant alleges that the military judge committed plain error when he did not instruct the members concerning the definition of "official" as it relates to a violation of Article 107, UCMJ. Appellant must assert plain error because he did not object to the instructions concerning this issue. Absent plain error, the error, if any, was waived. RULE FOR COURTS-MARTIAL 920(f), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). While it is true that the military judge did not define "official," he was not required to do so. There was no error.

The Military Judges' Benchbook, Dept. of the Army Pamphlet 27–9, ¶ 1–3b (30 Sep 1996), provides that, "Notes are used extensively throughout the instructions in Chapter 3. When an instruction follows a note in the 'DEFINITIONS AND OTHER INSTRUCTIONS' section, that instruction should be given only if the subject matter of the note is applicable to the facts and circumstances of that case." Under the Benchbook instructions concerning false official statement, there is no standard instruction concerning a definition for the term "official." Rather, the Benchbook contains a "note" that provides in part, "Whether a statement … is official is normally a matter of law to be determined as an interlocutory question. However, even though testimony concerning officiality may be uncontroverted, or even stipulated, when such testimony permits conflicting inferences to be drawn, the question should generally be regarded as an issue of fact for resolution by the members." Benchbook, ¶ 3–31–1d.

In *United States v. Elmore*, 33 M.J. 387 (C.M.A.1991), the Court of Military Appeals observed: "[A] military judge is not strictly limited to the theories advanced by the parties, but must instruct the court members on the legal points reasonably raised by the evidence." *Id.* at 396. The issue, however, was not reasonably raised by the evidence in this case. This case is unlike *United States v. Johnson*, 24 M.J. 101 (C.M.A.1987), upon which the appellant relies. In that case the members "were left to grope without adequate instructional guidance from the military judge" with respect to the key term "national-defense utilities." *Id.* at 108. The members in appellant's case only had to conclude that the appellant's statement to a base security officer was "official." That was not a difficult task. The meaning of the word "official" contained in the term "official statement" is within the common knowledge of mankind. *United States v. Galloway*, 8 C.M.R. 323, 329, 1952 WL 2643 (A.B.R.1952),

---

3. In light of clear precedent contrary to appellant's position, and the fact he did not cite these cases to this court, coupled with the fact that the appellant has cited no authority which supports his position, the appellant's third assignment of error is disingenuous at best. Noting also that this assignment of error was not raised pursuant

to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we remind counsel of their ethical obligation to cite authority to this court which is contrary to the position they are advancing. Judge Advocate General Instruction 5803.1A, Rule 3–3 (Ch–3, 20 May 1996).

*aff'd on other grounds,* 2 C.M.A. 433, 9 C.M.R. 63, 1953 WL 2606 (1953).

In the instant case the testimony was un-controverted. The appellant never made the slightest suggestion that his written statement, which initiated a criminal investigation, was not "official." The appellant did not request the military judge to define the term to the members, and he did not object to the instructions given concerning this issue. Quite simply, the evidence never raised the issue and the members were fully capable to determine, without instructions, whether or not the appellant made a false "official" statement. Furthermore, given the clear precedent as discussed in the section above, the military judge did not abuse his discretion when he did not define this very common term to the members. Thus, even if it was error not to instruct on the meaning of the word "official" the error was not "plain." *See United States v. Fisher,* 21 M.J. 327, 328 (C.M.A.1986). The assignment of error is without merit.

### Completeness of the Record and Appellate Review

█ In the appellant's remaining assignments of error he attacks the completeness of the record of trial and the manner in which this court conducts review of those records.[4] In response to appellant's fourth assignment of error, the Government moved to attach the appellant's Article 32, UCMJ, investigation. That motion was granted and the issue is now moot. Even without benefit of the Government's action, however, the assignment of error was without merit. The Article 32, UCMJ, investigation is not a required part of the record of trial. It, however, "shall be attached to the record." RULE FOR COURTS-MARTIAL 1103(b)(3)(A) (i), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.).

In regard to appellant's last assignment of error, we note that it totally ignores the holding of this court in *United States v. Kolly,* 48 M.J. 795, 796 (N.M.Ct.Crim.App. 1998), decided prior to submission of appellant's brief before this court. In *Kolly,* we summarily dismissed an identical assignment of error. We do so again here.[5]

### The Court–Martial Order

In footnote 1 to his brief, appellant notes that the Order promulgating the results of his trial contains an error. He is correct. Specifically the Order reports that the appellant was found guilty of unlawfully striking Ms. L on the face with his hand. The appellant was in fact acquitted of that specification and he is entitled to have his court-martial order correctly reflect that finding. We will provide appropriate relief in our decretal paragraph.

### Conclusion

Accordingly, we affirm the findings of guilty and the sentence as approved by the convening authority. We order that an appropriate convening authority issue a corrected court-martial order.

Judge TROIDL and Judge ROLPH concur.

---

4. IV. THE CONVENING AUTHORITY ERRED BY APPROVING A PUNISHMENT GREATER THAN THAT WHICH COULD BE IMPOSED AT A NON–BCD SPECIAL COURT–MARTIAL, BECAUSE THE ARTICLE 32 INVESTIGATION IS MISSING FROM THE RECORD.

V. THIS COURT, BY REQUIRING ONLY ONE JUDGE OF THE PANEL TO READ THE RECORD OF TRIAL BEFORE THE PANEL ISSUES A DECISION, VIOLATES ITS OBLI-GATIONS UNDER ARTICLE 66, UNIFORM CODE OF MILITARY JUSTICE.

5. Although this assignment of error was not raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), appellant cites language from that case in support of his argument. We invite attention to another portion of that decision that decries the assignment of frivolous issues before the appellate courts. *Id.* at 435. *See* also *id.* n. 6.