*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, STEPHENS,[1] and GEIS
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**James E. STOGSDILL**
Airman Apprentice (E-2), U.S. Navy
Appellant

**No. 201900203**

Decided: 12 May 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Jonathan Stephens

Sentence adjudged 3 April 2019 by a special court-martial convened at Naval Base San Diego, California, consisting of a military judge alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for six months, and a bad-conduct discharge.[2]

For Appellant:
*Commander Robert D. Evans, JAGC, USN*

---

[1] Judge Stephens is unrelated to the military trial judge.

[2] The pretrial agreement had no effect on the adjudged sentence.

For Appellee:
*Major Kerry E. Friedewald, USMC*
*Lieutenant Joshua C. Fiveson, JAGC, USN*

Judge GEIS delivered the opinion of the Court, in which Senior Judge TANG and Judge STEPHENS joined.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

GEIS, Judge:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his pleas, of one specification of violating a lawful general order (hazing), three specifications of assault consummated by a battery,[3] one specification of obstructing justice, and one specification of drunk and disorderly conduct, in violation of Articles 92, 128, and 134, Uniform Code of Miltiary Justice [UCMJ], 10 U.S.C. §§ 892, 928, 934 (2012).

Appellant raises two Assignments of Error [AOEs] on appeal: (1) the record of his court-martial is incomplete because the record of trial did not include as attachments either the Article 32 report or the Article 34 pre-trial advice of the staff judge advocate, if any was provided; and (2) the Entry of Judgment [EOJ] is inaccurate.

The first AOE is moot based upon the Government's response and supplementation of the record. We find merit in the second AOE and issue a modified EOJ.

---

[3] After accepting Appellant's guilty pleas, the military judge consolidated two of what were originally four assault consummated by a battery specifications, leaving three. Specifically, to avoid an unreasonable multiplication of charges, he merged Additional Charge III and its sole specification with Charge II, Specification 1, then dismissed Charge III and its sole specification.

## I. BACKGROUND

Pursuant to a pretrial agreement, Appellant pleaded guilty to the offenses listed above. The underlying conduct giving rise to the charges and specifications involved Appellant's assault of two shipmates on three different occasions, one of which also involved his drunk and disorderly behavior; his violation of a lawful general order of the Department of the Navy prohibiting hazing, and his obstruction of justice by attempting to interfere with a law-enforcement investigation into his conduct.

After accepting Appellant's guilty pleas, the military judge consolidated two Article 128 specifications into one, dismissing the redundant specification. The military judge found consolidation and dismissal warranted because the two charges reflected Appellant's single, continuing assaultive act upon the same victim. This merger is not reflected in the EOJ as it should be.

## II. DISCUSSION

### A. Incomplete Record

In his first AOE, Appellant asserts that the Article 32 report and Article 34 advice were not attached to the record of trial. "Whether a record of trial is complete is a question of law we review de novo." *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000).

Article 32, UCMJ, 10 U.S.C. § 832, requires a preliminary hearing before charges may be referred to a general court-martial. Article 34, UCMJ, 10 U.S.C. § 834, requires a convening authority to receive advice from a staff judge advocate before referring charges to general court-martial.

Appellant was convicted at a special court-martial, but his case was referred to that forum as part of a pretrial agreement after an Article 32 hearing was held. The charges were never referred to any other court-martial. Although an Article 32 hearing occurred, and thus Appellant's case *could* have been referred to a general court-martial, Article 34 advice was required only if the convening authority desired it. *See* Art. 34(a), UCMJ.

Following Appellant's submission of an appellate brief raising this AOE, the Government moved to attach to the record of trial a copy of the Article 32 report along with a declaration from the trial counsel stating that no Article 34 advice was ever prepared. This Court granted the motion, and Appellant neither challenged the authenticity of the Article 32 report nor the accuracy of the declaration.

The Article 32 report is not considered part of the record of trial under Rule for Court-Martial 1112(b). However, if, as here, it was not used as an

exhibit at trial, it must be *attached* to the record under R.C.M. 1112(f)(1)(A) and (B) in order to allow for appellate review. Thus, though the Article 32 report was not part of the record of trial proper, it should have been included in the materials submitted to this Court to ensure appropriate appellate review.

By attaching the report, the Government corrected this error, rendering any assertion of error in this regard moot. *See United States v. Lynn,* 50 M.J. 570, 574 (N.-M. Ct. Crim. App. 1999).

As to the Article 34 advice, it was not possible for the Government to attach a document that was never prepared. Nor was such advice required for this special court-martial. Therefore, this AOE is without merit.

## B. Inaccurate of Entry of Judgment

Appellant also asserts that the Entry of Judgment incorrectly lists his plea to Additional Charge III and its sole Specification, and the Government agrees.

Rule for Courts-Martial 1111 requires the military judge in a special or general court-martial to place the judgment of the court into the record of trial, and ensure this judgment "reflects the results of the court-martial . . . ." R.C.M. 1111(a)(2).

Appellant pleaded guilty to Additional Charge III and its Specification, and the Statement of Trial Results accurately reflects this plea and its dismissal following its consolidation with Charge II, Specification 1. However, the Entry of Judgment erroneously states that Appellant pleaded *not* guilty to Additional Charge III and its specification. Therefore, the Entry of Judgment does not reflect the results of the court-martial.

A service member "is entitled to have . . . official records correctly reflect the results of [a court-martial] proceeding," even if he suffers no prejudice from the error. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Here, Appellant does not allege prejudice, and we find none, but he is still entitled to have the record correctly reflect his plea. *Id.* We take corrective action in our decretal paragraph.

## III. CONCLUSION

After careful consideration of the record, the briefs of appellate counsel, and other post-trial submissions, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. In accordance

with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

Senior Judge TANG and Judge STEPHENS concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 201900203** |
| **v.** | **ENTRY OF JUDGMENT** |
| **James E. STOGSDILL** Airman Apprentice (E-2) U.S. Navy | |
| | ***As Modified on Appeal*** |
| **Accused** | **12 May 2020** |

On 3 April 2019, the Accused was tried at Naval Base San Diego, California, by a special court-martial, consisting of a military judge sitting alone. Military Judge Jonathan Stephens presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.**

 *Plea:* Not Guilty.
 *Finding:* Dismissed.

**Specification 1:** **Rape on or about 24 July 2018.**

 *Plea*: Not Guilty.
 *Finding*: Dismissed.

**Specification 2:** **Sexual Assault on or about 24 July 2018.**

 *Plea:* Not Guilty.
 *Finding*: Dismissed.

**Specification 3:** **Abusive Sexual Contact on or about 24 July 2018.**

 *Plea*: Not Guilty.
 *Finding*: Dismissed.

**Specification 4:  Abusive Sexual Contact on or about 1 July 2018.**

> *Plea*: Not Guilty.
>
> *Finding*: Dismissed.

**Charge II:  Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea*: Guilty.
>
> *Finding*: Guilty.

**Specification 1:  Assault Consummated by Battery on or about 1 July 2018.**

> *Plea*: Guilty.
>
> *Finding*: Guilty.

**Specification 2:  Assault Consummated by Battery on or about 24 July 2018.**

> *Plea*: Guilty.
>
> *Finding*: Guilty.

**Specification 3:  Assault Consummated by Battery on or about 8 December 2018.**

> *Plea*: Guilty.
>
> *Finding*: Guilty.

**Charge III:  Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification:  Obstructing Justice on divers occasions from on or about 24 July 2018 to about August 2018.**

> *Plea*: Guilty.
>
> *Finding*: Guilty.

**Additional Charge I: Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

>>>*Plea*: Guilty.
>>>*Finding*: Guilty.

>**Specification:**     **Violation of a Lawful Order (Hazing) on divers occasions from about June 2018 to about July 2018.**

>>>*Plea*: Guilty.
>>>*Finding*: Guilty.

**Additional Charge II: Violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.**

>>>*Plea*: Not Guilty.
>>>*Finding*: Dismissed.

>**Specification: Abusive Sexual Contact on or about 1 July 2018.**

>>>>*Plea*: Not Guilty.
>>>>*Finding*: Dismissed.

**Additional Charge III: Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

>>>*Plea*: Guilty.
>>>*Finding*: Dismissed.[1]

>**Specification:**     **Assault Consummated by a Battery on or about 1 July 2018.**

>>>*Plea*: Guilty.
>>>*Finding*: Dismissed.

**Additional Charge IV: Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

>>>*Plea*: Guilty.
>>>*Finding*: Guilty.

---

[1] After findings, the military judge merged Additional Charge III and its Specification into Charge II, Specification 1 and dismissed Charge II, Specification 1.

**Specification:** **Drunk and Disorderly Conduct on or about 8 December 2018.**

*Plea*: Guilty.

*Finding*: Guilty.

## SENTENCE

On 3 April 2019, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for 6 months.**

**A bad-conduct discharge.**

The Accused served 112 days of pretrial confinement, to be deducted from the adjudged sentence to confinement

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court