**John DOE # 1; Kelly Doe # 1, Parents of Jane Doe # 1, Individually and as Guardians on behalf of Minor Jane Doe # 1; John Doe # 2; Kelly Doe # 2, Parents of Jane Doe # 2, as Guardians on behalf of Minor Jane Doe # 2**

v.

**William Lawson CHAMBERLIN, Jr.; Kathryn Lawson Chamberlin, his wife John Doe # 1, Kelly Doe # 1, John Doe # 2, and Kelly Doe # 2, Appellants**

No. 01–2170.

United States Court of Appeals, Third Circuit.

Argued April 22, 2002.

Filed: June 19, 2002.

Vincent S. Cimini (Argued), Foley, Cognetti, Comerford & Cimini, Scranton, PA, Counsel for Appellants.

Michael D. Collins (Argued), Stroudsburg, PA, Counsel for Appellees.

1. Honorable John T. Noonan, Jr., Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Before: SCIRICA, RENDELL and NOONAN,[1] Circuit Judges.

## OPINION OF THE COURT

NOONAN, Circuit Judge.

This civil suit was brought for damages for violation of 18 U.S.C. §§ 2251–2259 (the Protection of Children Against Sexual Exploitation Act), as well as violation of state law. The district judge gave summary judgment for the defendants on the federal claim and declined to exercise jurisdiction over the state claims. We affirm the judgment of the district court.

### FACTS

Kathryn Lesoine (Lesoine) is the wife of William Lawson Chamberlin; his daughter is Lesoine's stepdaughter. In August 1995, Lesoine took photographs of her stepdaughter and three of her stepdaughter's friends at the beach near the Chamberlins' home on Martha's Vineyard. One friend was Jane Doe (1), then 15, and another was Jane Doe (2), then 16. In March 1996, she took photos of the same two plaintiffs in her studio at the Chamberlin home in Waverly, Pennsylvania. In the beach photographs the girls were photographed naked, taking a shower. In the studio photographs they were partially clothed.

Another amateur photographer saw the photos Lesoine had taken and informed the mother of Jane Doe (2), who in turn informed her own husband and the parents of Jane Doe (1), of the photos' existence. The parents were upset that the photos had been taken without their consent. They asked the Lackawanna County District Attorney to conduct a criminal inves-

tigation into the photos. The District Attorney searched the Chamberlin home and Lesoine's studio and seized many of the photos and determined that they did not justify prosecution.

## PROCEEDINGS

On December 10, 1997, the parents of Jane Doe (1) and Jane Doe (2) filed their amended complaint in this case in the Middle District of Pennsylvania.

The mother of a third girl, Jane Doe (3), also joined in this complaint. Jane Doe (3) was an adult at the time the complaint was filed and subsequently filed a motion stating that the lawsuit had been filed without her knowledge and consent and noting that the photos in which she appeared had been taken at her request. The court granted her motion for dismissal. Her mother then amended her complaint to allege that she, the mother, was entitled to damages under 18 U.S.C. § 2255(a). Holding that § 2255(a) gave no right of action to a parent, the district court granted summary judgment against her on both her federal and state claims. That judgment is not appealed.

On April 12, 2001, after a meticulous consideration of the evidence, the district court granted summary judgment on the federal claims of the parents of Does (1) and (2) and declined to exercise supplementary jurisdiction over their state claims.

The parents of the two Does appeal.

## ANALYSIS

*Jurisdiction.* The plaintiffs' suit is predicated on a violation of certain sections of Chapter 110, Sexual Exploitation And Other Abuse Of Children, 18 U.S.C. §§ 2251–2260. Beginning in 1978, Congress has acted to bar the channels of interstate commerce to the makers and purveyors of child pornography. *United States v. Rodia*, 194 F.3d 465, 477–75 (3d Cir.1999), and to do so has constitutionally extended the ban to the possessors of intrastate pornography. *Id.* at 477.

■ Before we can apply this formidable federal engine, we still must determine if we have jurisdiction under it. Jurisdiction cannot be conferred on us by the will or the waiver of the parties. *Delaware v. Van Arsdall*, 475 U.S. 673, 692, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). If jurisdiction does not exist, we are bound to dismiss the suit however long it has been maintained or how far it has traveled. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

■ Federal jurisdiction here was pleaded in terms of transport of the photos in interstate commerce, which we find unproved. Lesoine knew that the Martha's Vineyard photos would be brought home by her to Pennsylvania, but such transportation, by whatever means it took place, was not transportation in commerce. As to the studio photos, there is no evidence to show that Lesoine knew they would be transported anywhere. However, interrogatories tendered to Lesoine by the plaintiffs and answered by her established that she had used Nikon cameras and Forte and T-max film, and no doubt she used chemicals. We assume, as did this court in *United States v. Rodia*, 194 F.3d at 473, that these materials had traveled in interstate commerce. They, therefore, supply the needed jurisdictional hook, even though, as *Rodia* held, they would be insufficient to sustain the constitutionality of the statute, *id.*, which, on other grounds, we upheld in that case.

■ *The Defendant's Possession.* The plaintiffs also rely on § 2252(a)(4)(B), which criminalizes knowing possession of

"1 or more books, magazines, periodicals, films, video tapes, or other matter" showing the prohibited conduct and produced by using materials transported in interstate commerce. Photos fall within the term "film," and we assume they were produced by materials shipped in interstate commerce. Under this section, the plaintiffs could prevail if they showed the other requirements of the statutory offense were met.

■ *Sexually Explicit Conduct.* Every part of the human person from hair on the head to toes on the feet emits erotic signals depending on the customs and conventions and clothing of the country and the complex psychological makeup of the observer. Congress has chosen to criminalize only photos of the genitalia or pubic areas and of these parts only when they are the subject of "lascivious exhibition." Only then do they qualify as "sexually explicit conduct." 18 U.S.C. § 2256(2)(E).

■ Case law has given an expansive reading to "exhibition" so that it includes not only the naked or visible showing of the forbidden areas but making them focal. *United States v. Knox,* 32 F.3d 733, 751 (3d Cir.1994). As the district court found, seven of the shower photos at the beach and one taken at the beach do not show these areas or make them a focal point, so there is no need to address the question of lasciviousness. These photos fall short of the threshold set by the statute.

■ In ten other beach photos the pubic area of one plaintiff is slightly discernable. Reviewing these photos, the district court applied the criteria set by *United States v. Dost,* 636 F.Supp. 828, 832 (S.D.Cal.1986), which we have held should be used as a guide to whether an exhibition of genitalia or the pubic area is lascivious. *United States v. Villard,* 885 F.2d 117, 122 (3d Cir.1989). The first factor under Dost is

whether a forbidden area is the focus. The second is whether the setting of the depiction is sexually suggestive or generally associated with sexual activity. The third is whether the pose or attire of the minor is unnatural or inappropriate given her age. The fourth is whether the child is naked. The fifth is whether the child shows sexual coyness or willingness to engage in sex. The sixth is whether the photo is intended or designed to elicit a sexual response in the viewer. *Dost,* 636 F.Supp. at 832. As the district court observed, the list is not exhaustive and no single factor is dispositive. *Knox,* 32 F.3d at 746, n. 10, but more than one factor must be present to prove lasciviousness. *Villard,* 885 F.2d at 122.

■ Applying these criteria, the district court found that, apart from the girls in the shower being unclothed, no reasonable juror could find a *Dost* factor present. The pubic areas were far from being focal. An open shower near a beach was not a place associated with sexual activity. It was natural to be nude when washing off from the sand. Neither Doe showed any sexual coyness. The final Dost factor simply puts again the underlying question: Is the exhibition lascivious? *Villard,* 885 F.2d at 125. The district court found that no lascivious design or intent could reasonably be found. Reviewing these findings and viewing the photos, we agree that no reasonable juror could find the beach photos lascivious—"that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *United States v. Wiegand,* 812 F.2d 1239, 1244 (9th Cir.1987).

Plaintiffs repeat a not very convincing argument that the pose of another girl, Jane Doe (4), in one beach photo shows sexual coyness because her right knee is bent, her right heel is slightly raised, and she holds one finger to her mouth. As the

district court found, giving the plaintiffs the benefit of every possible inference, no reasonable juror could find that the depiction of Jane Doe (4) converted the depiction of the two other Does into a lascivious exhibition of their genitalia or pubic areas.

■ The district court similarly analyzed the studio photos under the criteria supplied by governing law. As the court concluded, all but three of the photos failed to meet the threshold requirement of exhibiting the genital or pubic areas of a minor. In the three that conceivably met the threshold, not only is there no naked display of the forbidden zones, no such zone serves as the focal point. The setting is not sexually suggestive—a white paper background typical of studio photography. The poses are not unnatural; the attire is of the kind used in artistic or theatrical shows. There is no hint of sexual coyness or readiness on the part of the plaintiffs to have sex. There is no incitement to lust. No reasonable juror could find any of the studio photos to qualify as criminal under the Protection of Children Against Sexual Exploitation Act.

■ Finally, the district court considered two kinds of photos not in the record, but referenced in affidavits by the Does. According to Jane Doe (1) she was photographed by Lesoine wearing only tuxedo pants and a jacket. As the district court observed, this photo would not meet the statutory threshold. Jane Doe (1) also swore that she was photographed in "a very thin, see-through piece of material" at all times with the front of her body including the pubic area before the camera. Jane Doe (1) had never seen negatives or prints of these pictures. Jane Doe (2) swore to a similar affidavit. The district court followed *Villard* in holding that a lascivious exhibition could be established by testimony, *Villard*, 885 F.2d at 126, but also took note of *Villard*'s admonition that detail was important and that imagination was no substitute for facts. The district court held that it could not determine from the affidavit whether the pubic areas were visible under the transparent material; it was necessary to know the lighting, the pose, and the focus of the camera to determine whether there was an exhibition. Lacking this information, the district court correctly held that no reasonable juror could find the referenced photos to be a lascivious exhibition.

As an author who was himself once the victim of overzealous censorship has written: genuine pornography "is almost always under-world; it doesn't come into the open .... [y]ou can recognize it by the insult it offers, invariably, to sex, and to the human spirit." D.H. Lawrence, *Phoenix*, 175 (1936). The photographs at issue in this case offer no insult to sex or to the human spirit. No jury could find them to fall within the federal statute's definition of sexually explicit conduct.

As the case against Lesoine fails, a fortiori the case against her husband, a bystander, fails.

For the reasons stated, the judgment of the district court is AFFIRMED.