UNITED STATES

v.

**Staff Sergeant David T. PUCKETT,
United States Air Force.**

**ACM 35629.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 April 2003.

9 March 2005.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Colonel Carlos L. McDade, Major Terry L. McElyea, Major Antony B. Kolenc, Major L. Martin Powell, and Captain Diane M. Paskey.

Appellate Counsel for the United States: Lieutenant Colonel Robert V. Combs, Major James K. Floyd, and Major Michelle M. Lindo.

Before STONE, GENT, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

GENT, Judge:

A general court-martial composed of officer members found the appellant guilty, contrary to his pleas, of possessing child pornography on divers occasions, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged and approved sentence was a bad-conduct discharge, confinement for 3 months, and reduction to E–3. The appellant assigns four errors for our consideration: (1) Whether his conviction must be set aside because it was based on overbroad and unconstitutional definitions of visual depictions of a minor engaging in sexually explicit conduct; (2) Whether the evidence was legally and factually sufficient to find the appellant guilty of the Specification and the Charge; (3) Whether the military judge erred to the substantial prejudice of the appellant by admitting a videotape of his stepdaughter and allowing supporting testimony regarding the surrounding circumstances of the videotape to establish that the appellant wrongfully possessed visual depictions of a minor engaging in sexually explicit conduct; and (4) Whether this Court should apply the doctrine of cumulative error. Because we hold for the appellant on the third issue, we do not reach the remaining issues.

### Background

The Specification in the case before us alleged that the appellant "wrongfully and knowingly possess[ed] visual depictions of a minor engaging in sexually explicit conduct, that is, sexual intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area," on divers occasions.

Prior to the appellant entering pleas, the trial counsel informed the military judge that as substantive evidence, he would offer a videotape of GNC, the appellant's stepdaughter, as well as images of other child pornography that were removed from the appellant's computer. The trial counsel said he anticipated that there would be a motion from the defense concerning the admissibility of the videotape. The military judge deferred ruling on its admissibility at that time because he had not had a chance to review it.

At the start of the government's case-in-chief, the military judge informed counsel that he had reviewed the videotape, but before making a final decision about its admissibility, he invited argument from the trial defense counsel. They objected to the admission of the videotape on the grounds of completeness. Ms. Denise Richards, the appellant's former spouse, found the videotape. The defense claimed she accidentally recorded over portions of the videotape, but they did not assert that she deleted any exculpatory material. In the event he was not willing to find the videotape inadmissible, the defense asked the military judge to order the government to remove portions of the videotape that were clearly not relevant. The military judge overruled the completeness objection, but agreed to admit only the portion of the videotape that included the images of GNC.

Ms. Richards testified that in July 2000, she found the videotape behind the entertainment center at the home she and the appellant occupied at Dyess Air Force Base, Texas. They lived there with their three children, one they had together, and two, including GNC, who were from Ms. Richards' previous marriage. Ms. Richards watched the videotape. It contained images of her husband setting up a video camera, GNC's bedroom in base housing, and GNC when she was about 9 or 10 years old. GNC was 14 years old when Ms. Richards discovered the videotape. Ms. Richards ultimately reported her discovery to base authorities and a search of the appellant's home computer revealed a number of pictures of nude children.

The videotape begins with images of the appellant's face as he apparently examines the video camera, which is placed in a fixed position above his shoulders. Next, there is some blank tape, and the appellant's face appears again as he is waving into the camera, apparently attempting to see if it is working. There is more blank tape, and then a young girl walks into what appears to be a child's bedroom. The video camera is stationary. The girl is alone and apparently unaware that she is being filmed. At first, she holds a bath towel modestly around her, but soon she sits down, drops the towel, and begins to pull on a pair of underpants. Then she stands and the videotape shows her bare back and buttocks as she finishes pulling on her underpants. Next, she turns and the front of her naked body is visible from the waist up as she wraps a towel around her hair. Finally, the videotape shows the side of her body, including the hip area, as she finishes dressing.

The appellant now contends that the military judge erred by admitting the videotape, as well as the statements by Ms. Richards explaining the circumstances surrounding her finding the videotape. More specifically, the defense asserts the military judge erred because he used an incorrect standard when determining the admissibility of the videotape. The appellant notes that, before reviewing the videotape, the military judge said he would examine it to determine whether it was "intended for appealing to the sexually prurient interest." The government contends the military judge did not apply this standard, but rather, his comments were just "preliminary thoughts" intended to alert the parties about "what he would be looking for factually to determine whether the tape had any probative value." In any event, the trial defense counsel failed to object to the videotape on the grounds that it did not contain evidence of "prurient" material or "sexually explicit conduct" as described in the Specification. Nor did the trial defense counsel object to Ms. Richards' testimony about the videotape. The military judge made no findings of fact or conclusions of law about his ruling on the admissibility of the videotape. He also did not provide an instruction to the members defining "lascivious exhibition of

the genitals," and the defense did not ask for such an instruction.

### Analysis

■ Mil. R. Evid. 103(a) and 103(a)(1) provide that error may not be predicated upon a ruling that admits evidence unless the "ruling materially prejudices a substantial right" and "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." But Mil. R. Evid. 103(d) allows a court to notice "plain errors that materially prejudice substantial rights" even though they were not raised by objection. To prevail under a plain error analysis, the appellant must persuade this Court that "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Scalo*, 60 M.J. 435 (2005) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F.2000)). *See also United States v. Powell*, 49 M.J. 460, 463, 465 (C.A.A.F.1998); Article 59(a), UCMJ, 10 U.S.C. § 859(a).

In *United States v. Boyd*, 52 M.J. 758, 765 (A.F.Ct.Crim.App.2000), *aff'd*, 55 M.J. 217 (C.A.A.F.2001), we held that "the doctrine of forfeiture is alive and well in the Courts of Criminal Appeals and, if counsel fail to raise an objection at trial, we may reverse a finding or modify a sentence only if we find material prejudice to the appellant." We said that we are not "required to give appellants whose counsel fail to assert appropriate objections at trial a second opportunity to raise those objections unencumbered by the long standing doctrines of forfeiture and plain error." *Id.* at 764. Further, the burden of proof of plain error rests on the appellant. *Id.* at 765. Because the defense did not object at trial to the admission of the videotape on the grounds now presented on appeal, we apply a plain error standard.

We first consider whether the videotape depicts any form of conduct that could arguably be described as sexually explicit. It is clear that the videotape did not contain a

depiction of a child engaged in "sexual intercourse" or "masturbation." Thus, the question we must address is whether, as a matter of law, it contained a "lascivious exhibition of the genitals." The test for determining whether a visual depiction of a minor constitutes a "lascivious exhibition of the genitals or pubic area" was set out in *United States v. Dost*, 636 F.Supp. 828 (S.D.Cal.1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir.1987). This Court adopted the widely accepted *Dost* factors in *United States v. Pullen*, 41 M.J. 886 (A.F.Ct.Crim.App. 1995).[1] The *Dost* factors are as follows:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Dost*, 636 F.Supp. at 832. There is "one caveat—that the conduct involved or implied is not the child's characteristic, but rather a function of the exhibition that the photographer sets up for himself and other viewers." *Pullen*, 41 M.J. at 889 (citing *Wiegand*, 812 F.2d at 1239). The court in *United States v. Horn*, 187 F.3d 781, 789 (8th Cir.1999), observed that nudity alone does not fit the definition of "lascivious exhibition of the genitals or pubic area"; "there must be an 'exhibition' of the genital area and this exhibition must be 'lascivious.'"

We turn now to an application of the *Dost* standard. "Of course, the question whether

---

1. Although *Pullen* involved a specification charged under Article 134, UCMJ, clause 3, as a violation of 18 U.S.C. 2252(a)(4)(A), we conclude it is applicable to the instant case because the specification before us, alleging a violation of

Article 134, UCMJ, clauses 1 and 2, used the same terms to define "sexually explicit conduct," specifically, "lascivious exhibition of the genitals," as was used in *Pullen*.

materials depict 'lascivious exhibition of the genitals,' an element of the crime, is for the finder of fact." *United States v. Rayl,* 270 F.3d 709, 714 (8th Cir.2001). "However, the meaning of 'lascivious exhibition of the genitals' is an issue of law." *Id.* (citing *Horn,* 187 F.3d at 789). In *Rayl,* the court recommended that trial judges "conduct a preliminary review of whether materials offered by the government for this purpose depict sexually explicit conduct as a matter of law." *Id.* The Eighth Circuit explained that such an examination is necessary "because the issue raises First Amendment concerns, and because of the potential prejudice in allowing the government to introduce and submit to the jury a large volume of materials that are prurient but non-obscene along with a few materials that could properly be found to be child pornography." *Id.*

Although not all of the challenged images were included in the appellate record in *Rayl,* the Eighth Circuit examined some of them and determined that at least two depicted a child in a sexually provocative pose. *Id.* at 714–15. The Eighth Circuit determined that, while the district court erred by not conducting a preliminary review, the error was not plain. Moreover, the court held that a jury could reasonably have found the images depicted sexually explicit conduct. *Id.*

The court's analysis in *Rayl* rests on a solid foundation of compelling logic. Following its reasoning, we have examined the videotape in the case sub judice to see if, as a matter of law, it shows the child's genitalia or makes the pubic area a focal point. *Webster's Ninth New Collegiate Dictionary* 511 (1990) defines "genitalia" as "the organs of the reproductive system; *esp[ecially]*: the external genital organs." "Pubic" is defined as "of, relating to, or situated in or near the region of the pubes or the pubis." *Id.* at 952. The government concedes that the videotape "did not include direct views of the genital and pubic areas." We agree. Although the videotape shows GNC's buttocks, her hip area from the side, and her breasts, these areas of the body are not genitalia or part of the pubic area. Finally, we can also discern no single focal point in the videotape, much less a focal point near the genitalia or pubic area.

We find the court's comments in *Doe v. Chamberlin,* 299 F.3d 192, 196 (3rd Cir.2002), instructive. The court explained:

> Every part of the human person from hair on the head to toes on the feet emits erotic signals depending on the customs and conventions and clothing of the country and the complex psychological makeup of the observer. Congress has chosen to criminalize only photos of the genitalia or pubic areas and of these parts only when they are the subject of "lascivious exhibition." Only then do they qualify as "sexually explicit conduct." 18 U.S.C. § 2256(2)(E). Case law has given an expansive reading to "exhibition" so that it includes not only the naked or visible showing of the forbidden areas but making them focal. *United States v. Knox,* 32 F.3d 733, 751 (3d Cir. 1994).

We are convinced that the videotape contained no evidence that a reasonable trier of fact could find to be a "lascivious exhibition of the genitals or pubic area." Because the videotape does not depict genitalia or the pubic area, we need look no further than the first *Dost* factor. We conclude that the military judge erred in admitting the videotape and Ms. Richards' testimony about the contents of the videotape, and his error was obvious.

■ Having found an obvious error, we next test for material prejudice to a substantial right of the appellant. *Powell,* 49 M.J. at 465; *see also* Article 59(a), UCMJ. The videotape and testimony concerning its discovery were important features of the government's case. Indeed, in his closing argument on findings, the trial counsel repeatedly alluded to the videotape and the appellant's "impure" reasons for making and possessing it. By suggesting the appellant not only possessed child pornography, but was interested in making it for his own use, the evidence greatly undermined the appellant's trial strategy of inadvertent and unknowing possession. Even if the videotape would have been admissible pursuant to Mil. R. Evid. 404(b), without the benefit of limiting instructions, the court members lacked guid-

ance on the proper use of this evidence. We hold that admission of the videotape was plain error.

### Conclusion

The findings and sentence are set aside. A rehearing is authorized.